UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAKIA SMITH,<br><br>**Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>Administration,<br><br>**Defendant.** | Civil Action No. 11-44 (JEB) |

## MEMORANDUM OPINION

Plaintiff Lakia Smith obtained a fully favorable decision for Social Security Disability (SSD) and Supplemental Security Income (SSI) benefits. She now seeks attorney fees totaling $24,811.75 pursuant to Section 406(b) of the Social Security Act. This amount, which represents 25% of her past-due benefits and is the maximum percentage allowable under the statute, is not opposed by the Government. Concluding that Plaintiff's contingent-fee agreement with her attorney is reasonable, the Court will grant her Motion and award Smith $16,761.75, which equals the full sum minus a prior Equal Access to Justice Act (EAJA) award.

**I.    Background**

In September 2004, Plaintiff filed for SSD and SSI benefits, but her initial application and reconsideration were both denied. See ECF No. 40 (Motion) at 2, 5. In 2008, after an Administrative Law Judge ruled that she was not disabled and the Appeals Council denied her request for review, Smith retained counsel under a contingency-fee agreement that entitled counsel to 25% of any recovered benefits. See Mot. at 1-2; ECF No. 40-1 (Fee Agreement). She then filed suit in 2011, see ECF No. 1 (Complaint), which resulted in this Court's remanding the

1

matter to the Appeals Council. See ECF No. 31 (Order). The Court subsequently awarded her $8,050 in attorney fees under the EAJA, 28 U.S.C. § 2412, but instructed her to renew her motion for additional fees if she prevailed on remand. See ECF No. 39 (Order) at 2. On September 24, 2015, Plaintiff received a Fully Favorable Decision. See ECF No. 40-2 (Fully Favorable Decision) at 1. She obtained a Notice of Award for herself on January 4, 2016, and for her children on July 2, 2016. See Mot. at 2-3; ECF No. 43 (Response) at 1. Plaintiff now files a Motion for Attorney Fees under 42 U.S.C. § 406(b) to request $24,811.75 – 25% of her past-due benefits.

Plaintiff's counsel expended 55 hours on her suit in federal court and over 200 hours on her claim at all levels. See ECF No. 44 (Reply) at 2; Mot. at 5. Counsel has been an attorney for 33 years, and his normal billing rate is $450 per hour. See ECF No. 40-5 (Declaration of Elliot Andalman), ¶¶ 1, 3-9. He has a practice dedicated to disabilities law and has been involved with Social Security claims as a mentor, faculty member, lobbyist, and board member. Id., ¶¶ 9, 11. Defendant does not take a position on whether the request is reasonable, but notes that it amounts to an hourly court rate of $451.12 and that the $8,050 EAJA award should be deducted. See Resp. at 4. Plaintiff does not oppose such deduction, which would yield a total fee of $16,761.75. See Reply at 4 n.4.

**II.     Legal Standard**

Under § 406(b) of the Social Security Act, the court may award an attorney who successfully represents a claimant in court "a reasonable fee for such representation, not in excess of 25 percent of . . . past-due benefits." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is designed to "control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). Specifically, § 406(b)

requires a court to review "such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807 (emphasis added). Where the contingent-fee arrangement falls within the statutory maximum, the court determines its reasonableness based on the particulars of the case. Buljina v. Astrue, 828 F. Supp. 2d 109, 114 (D.D.C. 2011). The court may reduce the award if the arrangement is not reasonable – *e.g.*, if the representation is substandard, the attorney delays the case for the benefits to accrue, or the compensation is too large relative to the time spent on the case. Gisbrecht, 535 U.S. at 808 (citations omitted). Courts will also reduce attorney fees based on the attorney's risk of loss, her expertise in Social Security cases, and the difficulty of the case. Jeter v. Astrue, 622 F.3d 371, 376 (5th Cir. 2010); Greenberg v. Colvin, No. 13-1837, 2015 WL 4078042, at *7 (D.D.C. July 1, 2015); Buljina, 828 F. Supp. 2d at 113-14.

**III. Analysis**

Plaintiff's contingent-fee arrangement of 25% is the same as the statutory limit prescribed by § 406(b). As the Court must next look at the reasonableness of the arrangement, it considers the following factors in turn: (1) the quality of representation; (2) whether the attorney delayed the case to allow the benefits to accrue over a longer period; (3) whether there was a risk of loss; (4) the difficulty of the case; and (5) the size of the compensation relative to the time spent on the case.

A. Quality of Representation

The quality of the representation in this case was not substandard. Prior to retaining an attorney, Plaintiff had been unsuccessful in her attempts to obtain SSD or SSI benefits. See Mot. at 2. Once counsel became involved, he was able to secure a substantial award. See Crawford, 586 F.3d at 1151 (describing counsel's performance as "excellent" for securing favorable result).

Representation that yields a favorable decision is precisely the type of result plaintiffs seek and that a contingent-fee arrangement makes available to previously unsuccessful plaintiffs. The Court thus finds that the quality of representation was solid.

B. Delay

Plaintiff's counsel, moreover, was not responsible for delaying the case. See Lasley v. Comm'r of Social Security, 771 F.3d 308, 310 (6th Cir. 2014) (holding contingent-fee arrangement unreasonable where attorney delayed filing § 406(b) motion). Attorneys should not delay proceedings so that benefits accrue over an extended period of time. Gisbrecht, 535 U.S. at 808. Counsel here did not delay in filing a § 406(b) motion; indeed, he filed the motion in 2012, see ECF No. 33, after a remand was ordered and, per the Court's instructions, renewed the motion within 60 days of forwarding the Notice of Award to the Court. See Mot. at 1. Plaintiff received the notices on January 4, 2016, and on July 2, 2016, and counsel filed this Motion for Attorney Fees on August 1, 2016. See Resp. at 1. The Court finds no evidence of undue delay.

C. Risk of Loss

The Court next considers the amount of risk faced by Plaintiff's counsel. Buljina, 828 F. Supp. 2d at 113-14. If "the risk of loss was so low that the claimant's success was not particular to the attorney's efforts," then the contingent-fee agreement is not reasonable. Jeter, 622 F.3d at 382 n.13. The "greater the risk that the claimant would not prevail," the more likely a contingent-fee agreement is reasonable. Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002); see Claypool v. Barnhart, 294 F. Supp. 2d 829, 832 (S.D. W.Va. 2003) (finding substantial risk of loss where claim was previously denied at four levels of agency review). Plaintiff was unsuccessful without counsel: her claim was denied at initial application, reconsideration, before the ALJ, and by the Appeals Council. See Mot. at 2, 5. Counsel

provided his services despite these denials and, by using a contingent-fee agreement, he took "upon [himself] the risk that [he] will receive no payment at all" in representing Plaintiff. Hensley v. Eckerhart, 461 U.S. 424, 448 (1983) (Brennan, J., concurring). Therefore, the Court finds that counsel faced a substantial risk of loss.

   D.   Difficulty of Case

A contingent-fee arrangement is reasonable if the case is difficult. In Buljina, the court upheld the agreement because the plaintiff had "suffered several legal setbacks in pursuit of his claim" and was only successful after retaining an attorney. See 828 F. Supp. 2d at 114. As just discussed, the same was true here. The Court, accordingly, finds Plaintiff's claim was difficult inasmuch as she was unable to succeed without counsel.

   E.   Compensation Relative to Time Expended

Counsel may not receive an "unjustified windfall" from a contingent-fee agreement; in other words, the compensation may not dwarf the time spent on the case. Buljina, 828 F. Supp. 2d. at 114; see Gisbrecht, 535 U.S. at 808. A court may review a record of hours spent and the attorney's normal hourly billing fee to see if the request is out of line. Gisbrecht, 535 U.S. at 808; Outlaw v. Chater, 921 F. Supp. 13, 18 (D.D.C. 1996). The Commissioner's position on reasonableness is also relevant. See Buljina, 828 F. Supp. 2d. at 114 (considering Commissioner's lack of position in affirming attorney fee); Lasley, 771 F.3d at 310 (considering Commissioner's opposition in reducing attorney fee). The Commissioner here does not take a position as to the agreement's reasonableness. Counsel spent 55 hours on the judicial-review portion of the case and requests $24,811.75 in fees, which amounts to $451.12 per hour. This is essentially equal to his normal, non-contingent fee of $450 per hour. See Resp. at 2. This appears reasonable, considering counsel spent more than 200 hours on Plaintiff's claim at all

5

levels and continued his representation after her benefits stopped accruing in July 2011. See Mot. at 5 & n.2. The hourly rate is reasonable, furthermore, because counsel has been an attorney for more than 33 years, concentrates on disabilities law, and has experience with Social Security claims. See Andalman Decl., ¶¶ 3-9, 11. The Court thus finds that the compensation was commensurate with the time spent on the case.

## IV.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff is entitled to $24,811.75 in attorney fees. As counsel has already received an EAJA award for $8,050 and cannot receive an aggregate sum of more than 25% of past-due benefits pursuant to § 406(b), the Court will award him the difference, which equals $16,761.75. A contemporaneous Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 11, 2016